ALFRED H. RENSHAW, and AUGUSTA W. MARKLEY, by her husband and next friend, THADDEUS MARKLEY vs. E. CALVIN WILLIAMS, Executor of MARY A. CONINE.

*Sec. 5 of Art. 93 of the Code—Executor's commissions—Legacy in Lieu of Commissions—Administrator pendente lite—Secs. 97–99 of Art. 81 of the Code, relating to a Tax on Commissions of Executors and Administrators.*

Under section 6, of Art. 93 of the Code, when a testator makes a bequest to his executor by way of compensation in lieu of commissions, and the sum bequeathed is less than that which an allowance of the highest rate of commissions fixed by sec. 5 of the same Article would produce, the Orphans' Court is at liberty, in its discretion, to allow the executor such a per centage as reckoning the legacy therein, will not exceed the maximum, and not be less than the minimum rate established by law; and no testator can deprive the Orphans' Court of that power.

Where an executor has been bequeathed, in lieu of commissions, a legacy larger than the commissions would amount to, and upon a *caveat* to the will is appointed administrator *pendente lite*, and does as such administrator, only that which he was bound to do as executor, the legacy must be treated as a full compensation for all the labor it was intended to cover, namely, the entire administration of the whole estate by the same person, though part of the estate passed through his hands as administrator *pendente lite*, and part through his hands as executor.

Sections 97–99 of Article 81 of the Code, imposing a tax on the commissions of executors and administrators, do not authorize the Orphans' Court to allow commissions under the circumstances of this case.

Whether these sections do or do not require the imposition of the tax upon a legacy given in lieu of commissions, *Quære?*

APPEAL from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, FOWLER, McSHERRY, and BRISCOE, J.

*Edward Otis Hinkley,* (with whom was *Charles Marshall,* on the brief,) for the appellants.

The testamentary law of Maryland before the Act of 1798, was derived from England, and by the law of that country, if a legacy was given to an executor it was construed as intended to be in lieu of all other compensation for his services. In that country the executor was entitled to the residue of the estate if it had not been disposed of by the will. This was his compensation, and he had not any other compensation allowed to him, by way of commissions or otherwise.

The law in relation to legacies to executors, as laid down in the text books and decided cases, is: "When legacies are given to persons in the character of executors, and not as marks of personal regard only, such bequests are considered to be given upon an implied condition, viz., that the parties clothe themselves with the character in respect to which the benefits were intended for them." *Williams on Executors,* \*1152 *to* \*1160, *and* \*1281 *to* \*1287 —*marginal pages;* 1 *Roper on Legacies,* 521—*also* 778 *to* 784.

As to the Act of 1798 and the Code since, it appears plain that the Legislature, deeming it a hardship that the law itself (independently of any expression in the will) should be that a gift, however small, to an executor, should deprive him of his commissions, corrected that by allowing the Orphans' Court to consider that point, and if the legacy was an insufficient compensation, to give him something more. Act of 1798, ch. 101, subch. 14, and sec. 5; Code, Art. 93, sec. 6.

The language of the Act covers cases where the testator had given less than might be allowed for commissions conditioned as expressly in lieu of commissions. But in

cases where a legacy is given of a sum larger than the maximum commissions allowed to be given to executors, no question can arise under the Act. This is obvious from the wording of the Act. See also *Handy vs. Collins, Ex'rix,* 60 *Md.,* 229; *McKim, et al. vs. Duncan, et al.,* 4 *Gill,* 85.

The commissions in this case, at the highest rate now allowed by law, would be $4145. The legacy of $5000 exceeding that, the question of insufficiency does not arise, nor the exercise of any discretion by the Orphans' Court.

By the testamentary law of Maryland the executor himself may come into the position of administrator *pendente lite.* Secs. 68, 69, of Art. 93 of the Code.

The executor is the first named of those eligible. He is in by the will of testatrix by the Code allowing him to be appointed and by the appointment of the Orphans' Court. It is a matter for their judgment and discretion and not for renunciation or recommendation of others. *Cain vs. Warford,* 3 *Md.,* 462.

If another had been appointed administrator *pendente lite,* such other person might have received commissions and it was right that he should do the work for which he was so largely paid. If *different persons* act they might both get commissions. *Lemmon vs. Hall,* 20 *Md.,* 171.

The appellee had no right to the office of administrator *pendente lite* except as executor under the will, and under the special provisions of the Code authorizing the appointment of the executor to that office; he cannot then pretend that he is in his office independent of either; he is by law dependent on both.

If, pending the litigation, it cannot be known whether legatees will take under the will, and the executor to whom a legacy is given is in the same position, and he chooses to act temporarily, because the law allows him so to act, but under another name, has he not made his

choice so to act, and has he done anything more than to exercise the privilege and fulfil the duty of *an executor?* The terms executor and administrator are convertible. Sec. 4 of Art. 1 of the Code; *Harding vs. Salkill*, 1 *Salkeld*, 296.

As to the tax on executors' and administrators' commissions, in *Dalrymple vs. Gamble*, 68 *Md.*, 167, it was held that the payment of them to the State could not prevent the rectification of an error in an account. The Court there said: "If the appellant has paid the State too much, he must take such steps as are open to him to get it refunded."

The Orphans' Court is of the opinion that it *"cannot refuse commissions altogether in any case to any administrator pendente lite."* It refers to the provisions of the Code in relation to the State tax on such commissions. This may be true in reference to other cases, but it cannot apply to a case where a legacy is left in lieu of such commissions, for the testamentary law itself allows that to be done. It is to be noticed that so far as the executors' commissions are concerned, the Orphans' Court in its opinion practically recognizes that to be the law.

*Wm. Pinkney Whyte*, for the appellee.

The appointment of an executor by a testatrix, and the bequest of a legacy to him, in lieu of his commissions, *as such executor*, cannot deprive the Orphans' Court of its power under the law to allow to the same person appointed as administrator *pendente lite*, commissions for his services in the latter capacity. The appellee was appointed administrator *pendente lite* under a distinct provision of law. The language of the statute on the subject is as follows:

"In all cases where the validity of a will is or shall be contested, letters of administration, pending such contest, may, *at the discretion* of the Orphans' Court, be granted

to the person named as executor, or to the person to whom the largest portion of the personal estate may be bequeathed in such contested will, or to the person who would be entitled to letters of administration by law, as in cases of intestacy." Sec. 68 of Art. 93 of the Code.

The Orphans' Court had full discretion to select any other person, who belonged to any of the three classes named in the statute. They selected Williams, because he was recommended by all parties in interest, inclusive of these appellants. "The character of an administrator *pendente lite* is equally as distinct and well founded as that of the executor. He is required to give bond, just as the executor is, and his powers, though not as extensive, are equally as valid and efficient, and if he and the executor are the same person it is his bond, as administrator *pendente lite*, and not his bond, as executor, that is liable for his illegal, fraudulent and other acts, by which the estate is lost, or squandered, by such administrator."

The administration *pendente lite* is supposed to be a partial one, and the compensation is allowed to the administrator *pendente lite* for his special work, and it is also allowed to the executor, who completes the final administration and distribution. *McPherson vs. Israel,* 5 *G. & J.,* 60; *Estate of Henry W. Baxley,* 47 *Md.,* 561.

The Court was bound to allow *some* commissions, so that the State could collect its tax thereon. Secs. 97, 98, 99, of Art. 81 of the Code.

The Orphans' Court is the sole tribunal to decide what commissions shall be allowed an administrator of any kind. *McPherson vs. Israel,* 5 *Gill & J.,* 60; *Estate of Henry W. Baxley,* 47 *Md.,* 555.

The Orphans' Court may exercise absolute discretion in the allowance of commissions to administrators, not exceeding the limit allowed by law as the maximum. And where partial administration alone has been made, it may, in its discretion, allow what it sees fit and proper

as a fair and reasonable compensation for services rendered. *McPherson vs. Israel,* 5 *G. & J.,* 60; *Estate of Baxley,* 47 *Md.,* 561.

In the case of *Handy vs. Collins, Executrix,* 60 *Md.,* 229, the Appellate Court reviews many of the Maryland cases, and decides that commissions should be allowed on all money, bonds and securities inventoried, according to the value so inventoried, that came into the possession and were covered by the bond of the administrator.

In the matter of the estate of Henry W. Baxley, where two and a half per cent. commissions were allowed Mr. George H. Williams as administrator *pendente lite,* and who appealed, claiming that the commissions should have been not less than five per cent., the Court, after reviewing different sections of the Code, as the law then stood, under the Acts of 1798 and 1820, Code, Article 93, sections 5, 65, 72, 73, 74, and relying upon the case of *McPherson vs. Israel,* cited above, held that "although the administrator *pendente lite* is not expressly provided for in the Code, it is no excess of jurisdiction on the part of the Orphans' Court, to apply, by analogy, the rule prescribed in other cases of partial and incomplete administration, and to award to the administrator *pendente lite,* such rate of commissions, less than ten per. cent. as in their judgment and discretion, shall be a fair and reasonable compensation for services rendered." And held further that the Court could award less than five per cent., according as it, in its judgment, deemed the services rendered by the administrator *pendente lite* to be worth.

McSHERRY, J., delivered the opinion of the Court.

The twenty-fourth clause of the will of Mary A. Conine is in these words: "I give and bequeath to E. Calvin Williams, of the said City of Baltimore, the sum of five thousand dollars absolutely." The forty-eighth

clause reads: "I hereby nominate, constitute, and appoint my son-in-law Genl. Frederick H. Starring, and E. Calvin Williams, of the City of Baltimore, and State of Maryland, the executors of this my last will and testament; * * * * and, as I have left to each of my said executors legacies by this will, it is my will that said legacies to each of them respectively shall be in lieu of commissions as such executors, &c." By a codicil she revoked the legacy of five thousand dollars to her son-in-law, and also his appointment as executor, and substituted in his stead her grand-daughter's husband, to whom she gave the legacy she had by her will bequeathed to her son-in-law. After the death of Mrs. Conine, a *caveat* was filed against her will, and Mr. Williams, who was not one of the testatrix's next-of-kin, was appointed by the Orphans' Court of Baltimore City administrator *pendente lite.* He gave bond and qualified as such. During the pendency of the *caveat* proceedings he settled three accounts as administrator *pendente lite*, in each of which he was allowed by the Orphans' Court commissions that aggregated $3,644.99, but this sum was subsequently reduced to $2,945. The contest over the will having been adjusted, Mr. Williams gave bond and qualified as executor, and proceeded to complete the administration of Mrs. Conine's estate. His co-executor never applied for letters testamentary, and never qualified. On June fifteenth, eighteen hundred and ninety-one, Mr. Williams stated, as executor, an account wherein he was allowed a credit for the payment to himself of the legacy of five thousand dollars mentioned in the twenty-fourth and forty-eighth clauses of the will. Subsequently some of the legatees filed a petition in the Orphans' Court, praying that the commissions claimed by Mr. Williams in the three accounts stated by him as administrator *pendente lite* be disallowed, on the ground that the legacy of five thousand dollars was intended to

be in lieu of all commissions. Mr. Williams answered this petition, and after a hearing the Orphans' Court refused the relief sought and dismissed the petition. From that order the pending appeal was taken.

. It will be seen from this statement of the facts that the only question involved is, was Mr. Williams entitled to retain the five thousand dollars legacy which was given to him by the will in lieu of commissions as executor, and at the same time to receive the commissions allowed by the Orphans' Court to him as administrator *pendente lite?* In other words, can he claim for one entire and continuous administration of the estate (though that administration has been made by him under two different representative designations) a larger compensation than the testatrix has herself fixed, when the sum so fixed by her exceeds the amount to which he would be entitled at the *maximum* rate of commissions prescribed by law?

There can be no doubt that the legacy was given to Mr. Williams, not as a gratuity, and not unconditionally, but in lieu of commissions as executor. Upon this subject the will is explicit. Under *sec.* 6 *of Art.* 93 *of the Code,* when a testator makes a bequest to his executor by way of compensation in lieu of commissions and the sum bequeathed is less than that which an allowance of the highest rate of commissions fixed by *sec.* 5 *of the same Article,* would produce, the Orphans' Court is at liberty, in its discretion, to allow the executor such a per centage as, reckoning the legacy therein, will not exceed the maximum, and not be less than the minimum rate established by law. No testator can deprive the Orphans' Court of this power. *McKim and Marriott, Ex'rs, &c. vs. Duncan, et al.,* 4 *Gill,* 72; *State, use of Manning vs. Baker, et al.,* 8 *Md.,* 49; *Handy vs. Collins, Ex'rx,* 60 *Md.,* 229. In the case before us the total amount of the personal estate with which Mr. Williams was charged

and for which he accounted in all the settlements made by him was $127,250.34, and the maximum rates of commissions allowed thereon by *sec.* 5 *of Art.* 93 *of the Code,* are, on the first twenty thousand, ten per cent., and on the residue, two per cent.; and these rates would yield, on this estate, an aggregate of $4,145; which is a sum *less* than the amount of the legacy given by the will in lieu of commissions. This being so, can the appellee, by administering the estate partially as administrator *pendente lite* and partially as executor, become entitled to and receive more than the testatrix intended him to receive for a full and complete settlement of her whole estate; and more than the statute would have allowed him for the same services had no *caveat* been filed, and no legacy been bequeathed him as executor?

Now, his right to administer *pendente lite* was founded under the statute solely on his having been named executor in the will. The largest portion of the personal estate was not bequeathed to him, and he would not have been entitled to letters of administration had Mrs. Conine died intestate. Under *sec.* 68 *of Art.* 93 *of the Code,* whenever the validity of a will is contested, administration pending the litigation must be committed by the Orphans' Court to the executor named in the will, or, to the legatee to whom the largest portion of the personal estate has been bequeathed, or, to the person who would have been entitled to administer in case of intestacy. Within these limits the Orphans' Court may exercise its discretion. Though Mr. Williams' appointment as administrator *pendente lite* was recommended by some of the legatees, none of them filed renunciations, and he was selected by the Orphans' Court from among those equally entitled under the statute. He was entitled only because he had been named executor in the will. He assumed and discharged, therefore, the duties of administrator *pendente lite* by reason of his having been selected

and named by the testatrix as executor; and the duties and acts which he performed whilst he was called *administrator pendente lite* are precisely and identically the same duties, and acts which he would have performed had he been called *executor*. What he did as administrator *pendente lite* is what he would have done as executor had no *caveat* been filed. What he claims compensation for as administrator *pendente lite* is what he would have been paid for by the legacy if no litigation had deferred the probate of the will. He did nothing as administrator which he would not have done as executor; and every thing which he did do as administrator left that much less to be done by him as executor. Each administration was a part of one whole and entire trust by one person under two different official names. Had the will been probated prior to the *caveat* being filed, it could not be pretended that the acts done by Mr. Williams in administering the estate during the pendency of the litigation were not those which he was bound to perform without other compensation than the legacy. If this be so—and it cannot possibly be denied—how can the accidental intervention of the *caveat* before the probate was taken so radically change the character of those very same acts as to make them, because done before probate, not part of the identical duties for the performance of which the legacy was designed to be a full and an ample compensation? That legacy was given as a payment for *all* the labor and services which Mr. Williams might perform in completely settling Mrs. Conine's whole personal estate. It was given to him *as executor*, because it was supposed by the testatrix that he would fully settle the estate in that capacity; but it matters not, in the eye of the law, under which designation or description of office he acted, provided he did exactly what and no more, than the testatrix intended him and appointed him to do. Had the services which he performed as admin-

istrator *pendente lite* been of a different character from those which he would have performed as executor had no *caveat* been filed, there might have been more reason to demand additional compensation; but its allowance, under the circumstances stated, would be practically awarding nearly double compensation. The result of the Orphans' Court's order is that Mr. Williams has received for doing precisely the work he was appointed by the testatrix to perform as executor, nearly double the sum which the highest rate of commissions allowed by law would have realized. A decision leading to a consequence so repugnant to the policy of the law cannot be founded on correct principles. Had a different person been appointed administrator *pendente lite,* that person would have been entitled to fair and reasonable commissions for his services. *McPherson's Adm'rs vs. Israel Adm'r,* 5 *G. & J.,* 60. "The *Acts of* 1798, *ch.* 101, and 1820, *ch.* 174, [Code, Art. 93] contemplate the allowance of several commissions on the same assets when they have been administered by *different persons in part." Lemon vs. Hall,* 20 *Md.,* 171. Or, had the same person acted as administrator *pendente lite* and executor in a case where no legacy greater than the maximum commissions had been bequeathed to the executor by way of compensation, there also commissions could have been allowed the administrator *pendente lite* for a partial administration. *Estate of Baxley,* 47 *Md.,* 555. But each of these instances differs from this case. In the first, the administrator *pendente lite* is entitled to be paid for the services which he may render prior to turning the assets over to his successor, the executor; and the executor would be entitled to compensation for subsequent labor performed by him. Thus each would be compensated for what he had done. And so an administrator *pendente lite* who afterwards becomes executor, may ordinarily be paid for each partial administration. 47 *Md., supra; Wilson*

*vs. Wilson,* 3 *G. & J.,* 20. In such a case he would not
be paid twice for the same services. But where he has
been bequeathed, in lieu of commissions, a legacy larger
than the commissions would amount to, and does as ad-
ministrator *pendente lite,* only that which he was bound
to do as executor, the legacy must be treated as a full
compensation for all the labor it was intended to cover,
namely, the entire administration of the whole estate by
the same person, though part of that estate passed
through his hands as *administrator pendente lite,* and part
through his hands as *executor.*

The Orphans' Court was of opinion that because *secs.*
97, 98 *and* 99 *of Art.* 81 *of the Code* impose a tax on the
commissions of executors and administrators, the Court
was required to allow commissions in every case in order
that the tax may be collected and paid into the Treasury.
But without pausing to consider whether these sections
do or do not require the imposition of the tax upon a
legacy given in lieu of commissions—for that question
is not involved in this proceeding—it is sufficient to say
that they do not authorize the Orphans' Court to allow
commissions under the circumstances presented by this
record.

It results from the views we have expressed that the
Orphans' Court was without jurisdiction to allow the
commissions it did allow to Mr. Williams, and its order
of October 31st, 1891, must be reversed, and the cause
will be remanded, that an order may be passed disallow-
ing said commissions.

*Order reversed and cause remanded,*
*the costs in both Courts to be paid*
*out of the estate.*

(Decided 16th March, 1892.)