## EX PARTE IN THE MATTER OF THE ESTATE OF GERARD S. WATTS, DECEASED. APPEAL OF GEORGE W. WATTS, EXECUTOR.

*Power of Orphans' Court as to Commissions Allowed an Executor— Appeal.*

Code, Art. 93, sec. 5, provides that the commissions of executors and administrators shall be, at the discretion of the Orphans' Court, not under two per cent nor exceeding ten per cent on the first $20,000 of the estate, and on the balance of the estate not more than two per cent. Art. 81, sec. 113, directs the Orphans's Court to fix the commissions of executors and administrators in all cases, whether they be claimed or not, and the commissions so fixed are subject to the tax imposed by sec. 112. *Held*, that, although an executor asked only for commissions of two per cent on the first $20,000 of the estate and one-tenth of one per cent on the balance, the Orphans' Court has the power to fix his commissions at two per cent on the entire amount of the estate.

No appeal lies from an order of the Orphans' Court fixing the commissions of an executor, although the commissions allowed by the order are in excess of those claimed by the executor, and no testimony was taken by the Court as to the value of the services rendered by him.

*Decided November 12th, 1908.*

Appeal from the Orphans' Court of Baltimore County.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, WORTHINGTON and HENRY, JJ.

*Joseph C. France* (with whom were *Robert Lee Gill*, *William C. Smith* and *Harry S. Benzinger* on the brief), for the appellant.

THOMAS, J., delivered the opinion of the Court.

It appears from the petition of George W. Watts, surviving executor of Gerard S. Watts (appellant), on pages four and five of the record, that on the 4th day of December, 1907, he presented to the Orphans' Court of Baltimore County his first adminstration account, in which the estate accounted for was $246,896.52, and the commissions claimed by and allowed the executor were two per. cent. on $20,000 and one-tenth of one per. cent. on the balance, all of which was waived except the state tax, amounting to $64.69; that the account was marked O. K. by the Chief Judge, "and that when said account was presented to the Register of Wills, that officer took the same back into the Court and the probate of the said account was then and there refused upon the ground that the commissions allowed were in the opinion" of the Court insufficient. Subsequently, on the 25th day of March, 1908, the Orphans' Court passed an order allowing the executor two per cent. commissions on the whole estate, and requiring him to state his first account on or before the 8th day of April, 1908, on which day the executor filed his petition in said Court, alleging that the commissions of two per cent. on the whole estate, allowed by the order of March 25th, were in his opinion "excessive and unjust;" that he had not "performed services that would justify the allowance of such a large sum;" that the fixing of the rate of commissions at two per cent. "was error," and that said commissions were fixed "without any evidence having been had by" the Court "upon which to predicate said rate," and praying that the order of March 25th be set aside, "and

that proper commissions be allowed him, based upon the value of the estate and the amount of services rendered by him as executor thereof." On the same day the Orphans' Court passed the following order, endorsed on the petition, "Prayer refused this 8th day of April, 1908," and it is from this order that the appeal in this case was taken.

The learned counsel for the appellant contends (1) that the executor having claimed commissions within the limits prescribed by sec. 5 of Art. 93 of the Code, 1904, the Orphans' Court had no authority to allow larger commissions than he claimed, and (2) that the Orphans' Court in fixing the commissions and in refusing to rescind its order of March 25th acted arbitrarily, and without regard to the value of the services rendered by the executor, and that therefore its action is subject to review by this Court.

His first contention is not warranted by the proper construction of the provisions of the Code bearing upon the question. Sec. 5 of Art. 93, of the Code of 1904, declares that commissions of executors "shall be at the discretion of the Court not under two per cent., nor exceeding ten per cent. on the first $20.00 of the estate, and on the balance of the estate not more than two per cent.." Sec. 112 Art. 81, of the Code, imposes a tax, for the benefit of the State, on all commissions allowed to executors and administrators by the Orphans' Court, and sec. 113, of Art. 81, provides that the Orphans' Courts "shall fix such commissions in all cases in which letters of administration have been or may hereafter be granted, whether commissions are claimed by the executors or not;" and that the commissions so fixed shall be subject to the tax imposed by sec. 112. It is therefore made the duty of the Orphans' Courts to fix the commissions, not only in cases where the executor fails to claim them, but in "all cases," (not covered by sec. 6 of Art. 93) whether he claims them or not, and it is on the commissions so fixed, and not on the commissions claimed by the executor, that the tax is imposed. That this is the meaning of the sections referred to is relieved of any doubt by reference to the previous legislation on the subject. The Act. of 1860,

ch. 163, by its second section repealed the section of the Code, requiring the Orphans' Courts to fix commissions in all cases, whether claimed or not, and provided "That the several Orphans' Courts shall fix the commissions of executors within twelve months from the grant of administration, and in all subsequent accounts, wherein executors shall charge themselves with further assets; but where an executor shall renounce his commissions or releases the same in favor of the widow or next of kin of the deceased, the tax mentioned in the preceding section shall not be charged; and where an executor elects to take less than five per cent. commissions (as he may do) the said tax shall be charged only on the commissions he shall elect to take." Code of 1860, Art. 81, sec. 107. Under this Act the executor could elect to take less than he was entitled to, and when that was the case there could be no reason why the Court should fix the commissions, the tax being imposed on the commission claimed by the executor. But when, two years later, the Act of 1860, ch. 163, (sec. 107, of Art. 81, of the Code of 1860), was repealed by the Act of 1862, ch. 18, which provided, as does sec. 113, of Art. 81, of the Code of 1904, that the Orphans' Courts shall fix commissions in all cases, whether claimed by the executor or not, the Legislature manifestly intended that the question of commissions should no longer be left to the election of the executor. He, of course, is not required to accept the commissions allowed, and may waive all or any part thereof, except the amount of the tax imposed by sec. 112, but the Orphans' Court is required to fix the commissions, and it is on the commissions fixed by the Court that he is required to pay the tax.

In fixing the commissions of an executor the Orphans' Court properly looks to the nature and extent of the executor's labor with the aim of course, of allowing such commissions as will be a fair compensation for his services rendered in the administration of the estate; and within the limits prescribed by sec. 5 of Art. 93, the amount to be allowed is at the discretion of the Court. Where a lower tribunal is charged with the performance of duties, in the discharge of

which it is clothed with discretion, in the absence of clear and
satisfactory proof of its refusal, or of such arbitrary conduct
as amounts to a refusal, to exercise that discretion, its action,
within the limits of the discretion vested in it, cannot be con-
trolled or reviewed on appeal. *McCrea* v. *Roberts*, 89 Md.
238. In the case of *Wilson* v. *Wilson*, 3 G. & J., on page 23,
the Court said "The law has fixed a minimum of five, and a
maximum rate of commission of ten per cent to be allowed to
executors and administrators, with a discretion vested in the
Orphans' Court restricted only by those limits, and the Court
in allowing a commission of $7\frac{1}{2}$ per cent. having acted within
the scope of that discretion, we do not think we have any
power to disturb the decision, or to review what has been done
in that respect. The various circumstances determining the
amount of commission proper to be allowed, cannot appear to
this Court, and every case must be governed by its own pecu-
liar circumstances, subject only to the restrictions already men-
tioned." In the case of *Handy* v. *Collins*, 60 Md. 229, where
the will provided that the executrix should be allowed reasona-
ble commissions, counsel for the appellant earnestly insisted
that the testator meant that she should have reasonable com-
pensation for her services, to be determined not by discretion
but by the facts in the case as shown by evidence; and that
the amount to be allowed her should be ascertained by the
Court in the ordinary way upon testimony taken before it and
that its finding and judgment should be the subject of appeal
and review, but the Court held that "The law declares that
commissions to executors and administrators shall be at the
discretion of the Orphans' Court, not under five and not ex-
ceeding ten per cent., (Code Art. 93, sec. 5); and it is clearly
settled that the rate fixed by that Court in the exercise of this
discretion, within the perscribed limits, is not a subject of re-
view or appeal." Again, in the case of *Dalrymple* v. *Gamble*,
68 Md. 156, where the administrators had passed their ac-
count in which they were allowed for certain services, expenses,
attorneys fees and costs and ten per cent. commissions, and
the Orphans' Court on application struck out the order ap-

proving the account, and passed an order disallowing the claims
for costs, &c., and reducing the commissions from ten to seven
per cent., on appeal, dealing with the order reducing the com-
missions, the Court said, "When the account was reviewed,
the allowance of commissions was stricken down and fixed at
seven per cent. It is contended that the rate having been
fixed at 10 per cent., the administrator at once accounted with
the State and paid tax thereon at that rate, and that the Court
could not afterwards alter it. The Court having full power
for good cause appearing to them to review its action (*Re Es-
tate of Stratton*, 46 Md. 551), did so, and that question is not
reviewable in this Court. *Handy* v. *Collins*, 60 Md. 229.
The question of commissions is entirely in the discretion of
the Orphans' Court, except so far as it is limited by law, and
no question is presented of the Court's transcending the limit
in respect to allowance. If the appellant has paid the State
too much he must take such steps as are open to him to get
it refunded." 18 *Cyc.* p. 1168.

The record in this case does not show that the Orphans'
Court refused to exercise the discretion vested in it by sec. 5.
On the contrary, the appellant states in his petition filed in that
Court, that when the account was taken back to the Court by
the Register of Wills, it refused to pass the account on the
ground that the commissions allowed him were in the opinion
of the Court insufficient. The attention of the Court having
been directed to the question of commissions, it reviewed its
action in endorsing the account O K, and, exercising the dis-
cretion given it by law, passed the order fixing the commis-
sions. Nor does it appear from the record that in determin-
ing the commissions to be allowed the executor the Orphans'
Court acted arbitrarily or capriciously, unless we are to con-
clude that it did so from the fact that the commissions allowed
were in excess of those claimed by the executor, or from the
fact (as stated in the appellant's petition,) that no testimony
was heard before it made its decision. As we have said, the
law requires the Orphans' Court to fix the commissions, and
in the discharge of that duty it is not limited by the commis-

sions claimed by the executor, and there is no rule of law or practice in this State requiring the Orphans' Court to hear testimony as to the services rendered by the executor in the administration of an estate in order to fix the commissions to be allowed him. The inventories, list of debts and reports required by law to be filed, (*Linthicum* v. *Polk*, 93 Md. 93,) and the executor's account disclose the amount and character of the estate, and, except perhaps in rare cases, the nature and extent of the executor's services in the administration of the estate, from which the Court can readily determine the proper commissions to be allowed as compensation for such services. We cannot presume that the Orphans' Court acted arbitrarily, but, as was said in *Ex-parte Shipley*, 4 Md. 493, "We must presume that the Court properly exercised its powers, until the contrary appears."

The cases of *Ex-parte Shipley, supra; Porter* v. *Timanus*, 12 Md. 283 (in which the records did not show that the Orphans' Court acted arbitrarily, and the appeals were dismissed), and *Consolidated Gas Company* v. *Baltimore City*, 101 Md. 541, referred to by counsel, so far as they touch the questions involved in this appeal, are not at all in conflict with the views herein expressed or the authorities we have cited. Assuming that the Orphans' Court disposed of the executor's petition without hearing testimony (as stated in the appellant's brief, but which does not appear from the record), there is no allegation in the petition of any fact important to be known by the Court in fixing the commissions to be allowed, or that required the Court to review its action in passing the order of March 25th. The allegations are, in substance, that the Court passed the order fixing the commissions without hearing testimony as to the services rendered, and that the commissions allowed are, in the opinion of the petitioner, "excessive and unjust." The Court, as stated, was not required to hear testimony as to the services rendered by the executor before fixing the commissions, and the fact that commissions fixed by it were, in the opinion of the executor excessive, is no reason why it should be required to do so, if, after considering the

petition, it was satisfied with its previous judgment in the matter.

We see no objections to the order "allowing two per cent commissions on the whole estate," the allowance being within the limits of sec. 5, Art. 93.

The appeal in this case must be dismissed.

*Appeal dismissed.*