## UNITED STATES v. VANDERBILT. SAME v. MERRIAM. SAME v. ANDERSON.

(District Court, S. D. New York. August 6, 1921.)

Internal revenue ⬮7—Bequest to executors held "compensation for personal services" taxable as income.

Under a will making bequests to the persons named therein as executors and trustees, and providing that "the bequests herein made to my said executors are in lieu of all compensation or commissions to which they would otherwise be entitled as executors or trustees," where the executors qualified and were active, the bequests *held*, in part, at least, "compensation for personal services," and subject in part anyway to tax as income, under Act Sept. 8, 1916, § 2 (a), as amended by Act Oct. 3, 1917, § 1200 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336b[a]).

At Law. Actions by the United States against Reginald C. Vanderbilt, against Frederick L. Merriam, and against Henry B. Anderson. On demurrers to complaints. Demurrers overruled, and judgments of respondeat ouster.

⬮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The cases arise upon the demurrers to complaints at law to recover the income taxes upon certain legacies left the defendants under the will of Alfred G. Vanderbilt, who died in 1915. The will disposed of a large estate, and set up various independent trusts of indefinite duration. The only parts relevant to these cases are the eleventh and sixteenth clauses, which read as follows:

"Eleventh. I give and bequeath to my brother Reginald C. Vanderbilt five hundred thousand dollars ($500,000); to my uncle, Frederick W. Vanderbilt, two hundred thousand dollars ($200,000); to Frederick M. Davies five hundred thousand dollars ($500,000); to. Henry B. Anderson two hundred thousand dollars ($200,000); to Frederick L. Merriam two hundred and fifty thousand dollars ($250,000); to Charles E. Crocker ten thousand dollars ($10,000), and to Howard Lockwood one thousand dollars ($1,000)."

"Sixteenth. I nominate and appoint my brother, Reginald C. Vanderbilt, my uncle, Frederick W. Vanderbilt, Henry B. Anderson, Frederick M. Davies, and Frederick L. Merriam executors of this my will and trustee of the. several trusts created by this my will.

"I direct that no bond shall be required in any state or country to qualify my said executors to act as such or as trustees hereunder.

"The bequests herein made to my said executors are in lieu of all compensation or commissions to which they would otherwise be entitled as executors or trustees."

The defendants, so named as executors and trustees, qualified, and have administered and are now administering the estate. The question is whether the legacies so given are exempt as "bequests," or liable to the income tax as "compensation for personal services."

Roy C. Gasser, of New York City, for demurrants.

Edward F. Unger, of New York City, and C. T. Hendler and Newton K. Fox, both of Washington, D. C., for the United States.

LEARNED HAND, District Judge (after stating the facts as above). There seems to me no question whatever that these legacies, in part, anyway, are "compensation for personal services." When the testator provided that they should be "in lieu of all compensation or commissions to which they would otherwise be entitled as executors and trustees," he could only have meant to substitute the legacies in the place of their statutory compensation. If a substitute, the legacies must themselves have been compensation, and since the commissions would certainly have been for "personal services," the substitute itself was the same. It is true that the form of the compensation is a "bequest," and a "bequest" is exempt; hence there is a verbal contradiction between one part of the statute and the other. Yet I cannot doubt that all bequests are not exempt. Suppose, for instance, that a man agreed to leave another a legacy if he would take care of him while he lived. The legacy would be a "bequest," but can any one suppose that it would not be "compensation for personal services," which would be taxable?

The defendants argue that such legacies are payable, though the executor do not complete his services. That is true. The English rule was that a legacy to an executor was presumably virtute officii and in recompense for his services, and he must assent to his appointment. Lewis v. Matthews, L. R. 8 Eq. 277. Yet very little was necessary, much less than formal qualification. Harrison v. Rowley, 4 Ves. 212. Indeed, in Brydges v. Wotten, 1 Ves. & Beam. 134, trustees were allowed their legacies, though they had done nothing, probably be-

cause the legacies were payable before the trustees could qualify. If so, the rule does not truly apply to trustees. In America, where executors generally receive statutory commissions, such bequests have been spoken of as compensation which must be earned. Matter of Tilden, 44 Hun (N. Y.) 441; Renshaw v. Williams, 75 Md. 498, 23 Atl. 905. In some cases the language of the will apparently indicated as much (Harper's Appeal, 111 Pa. 243, 2 Atl. 861), or at least admitted of that interpretation (Richardson v. Richardson, 145 App. Div. 540, 129 N. Y. Supp. 941). Morris v. Kent, 2 Edw. Ch. (N. Y.) 175, much relied on by the defendants, decides nothing to the point, though the Vice Chancellor in his opinion quotes obiter the English rule that any indication of an assent to qualify is enough.

It seems to me to make no difference whether such bequests be regarded as payable merely on condition of qualification, or only after the services are rendered. I assume the first to be the correct rule, and certainly in the cases at bar the legacies were all payable long before the services could be completed, because there were trusts of indefinite duration, which might extend 30 years or more. The legacies were given with the chance that the executors and trustees might not complete their services. I regard the point, however, as immaterial because the bequests are in either case equally "compensation for personal services." Suppose a master pays his servant in advance, trusting that he will live to complete. Is the hire not a "compensation for personal services"? It is prospective compensation, indeed; but none the less it is not gratuitous, it is given to procure and to pay for the services. At least, how can it be said that it is not compensation, if the servant enters and completes his employment?

Therefore I attach no importance to the point of which so much is made, that the executor becomes entitled to his legacies on expressing his assent. More important is the opposite side of the same rule, that without such assent he does not become entitled. This rule is not because he gets the bequest eo nomine; it makes no difference that he is named in the will. Moreover, if the theory were that the bequest is given only to the office, he must qualify, which he need not. The condition that he must assent can only be because such bequests are treated as in recompense for his services, and so the books put it. He must at least undertake to perform while he can. If they were true legacies, he would get them whether he qualified or not.

Demurrers overruled, with judgments of respondeat ouster within 20 days.