SARAH ROBINSON NEWTON ET AL. *v.* THOMAS F. JOHNSON, ADMINISTRATOR.

[No. 22, October Term, 1937.]

*Decided November 11th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*William H. Price,* with whom were *Staton, Whaley & Price* on the brief, for the appellants.

*Edmond H. Johnson,* for the appellee.

MITCHELL, J., delivered the opinion of the Court.

On January 5th, 1934, Grace S. Vance and Thomas F. Johnson were granted letters of administration upon the estate of John Miles Savin, late of Worcester County, Maryland, by the Orphans' Court of said county. The administrators duly qualified as such, and proceeded with the administration of the estate, the inventory of the personal property showing an aggregate of $18,144.96. Subsequently it developed that the deceased did not die intestate, and on May 29th, 1934, his last will and testament was filed and probated in said Orphans' Court, wherein the then deceased widow of the testator, Jennie Robb Savin, was named as sole executrix under the will. Following the probate of the will, the previously granted letters of administration were on the same date revoked by the Orphans' Court, and letters of administration d. b. n. c. t. a. upon the estate were forthwith granted to the said Thomas F. Johnson.

On August 21st, 1934, the Orphans' Court passed an order fixing the commissions of the said administrator, who was allowed a commission on the "whole amount of assets accounted for by him in the settlement of this account." This order was rescinded by a subsequent order passed on April 20th, 1937, wherein the said administrator was allowed a commission of ten per cent., out of which he was "to pay all counsel fees and all extraordinary expenses incurred in the administration of this estate." It is from this latter order and from a subsequent order passed on May 4th, 1937, overruling the exceptions of the appellants to said order of April 20th, 1937, that the appeal to this court has been taken, raising, as it does, the single question: Whether the action of an orphans' court in fixing commissions of an administrator, within the limitations prescribed by law, is subject to review in this court?

The law which vests orphans' courts of this state with discretionary power in the matter of fixing commissions of administrators, within limitations definitely prescribed by the law, finds its origin in the earliest statutes deal-

ing with powers of orphans' courts, and is now incorporated in section 5, article 93, of the Code (Supp. 1935), which, among other things, empowers such courts to fix commissions to administrators "at the discretion of the Court not under two per cent. nor exceeding ten per cent. on the first Twenty Thousand Dollars ($20,000) of the estate, and on the balance of the estate not more than two per cent."

In the case of *Wilson v. Wilson,* 3 G. & J. 20, this court, after citing the then minimum and maximum rates of commissions prescribed by law to be allowed executors and administrators, and the fact that the orphans' court had fixed commissions within those limitations, said: "We do not think we have any power to disturb the decision, or to review what has been done in that respect. The various circumstances determining the amount of commission proper to be allowed, cannot appear to this court, and every case must be governed by its own peculiar circumstances, subject only to the restrictions already mentioned."

And, in the numerous succeeding cases that have been before this court involving commissions allowed executors and administrators, we find no semblance of a departure from the conclusion reached in that case. In other words, it has been uniformly held that it is not within our province to control, or review on appeal, commissions that have been fixed by orphans' courts within the limitations prescribed by law. *In re Estate of Baxley,* 47 Md. 555; *Handy v. Collins,* 60 Md. 229; *Renshaw v. Williams,* 75 Md. 498, 23 A. 905; *In re Estate of Watts,* 108 Md. 696, 71 A. 316, 319; *St. Mary's Orphan Asylum v. Hankey,* 137 Md. 569, 113 A. 100; *Brown v. Tydings,* 149 Md. 22, 130 A. 337; *McCrea v. Roberts,* 89 Md. 238, 43 A. 39; *Dalrymple v. Gamble,* 68 Md. 156, 11 A. 718. On the other hand, however, it has been uniformly held by our predecessors that this court has the power to review on appeal a decision of the orphans' court that transcends the restricted power of the latter. *Renshaw v. Williams, supra,* and *St. Mary's Orphan Asylum v. Hankey, supra.*

It is contended by the appellants that the Orphans' Court of Worcester County had no power to allow the administrator full commissions because he had "predecessors," "may have successors," and "had not stated a final account," and the case of *St. Mary's Orphan Asylum v. Hankey, supra,* is then cited in support of that contention. But in that case, as heretofore stated, the amount allowed by the orphans' court to successive administrators of the estate, for commissions, in the aggregate was in excess of the maximum limitation—approximately twenty per cent. of the whole estate, while in the case before us the commission allowed does not exceed the maximum rate prescribed by law.

In the case of *Gwynn v. Dorsey,* 4 G. & J. 453, it is stated: "The Orphans' Courts have a limited discretion with regard to the amount of the administrator's commission, and no good reason can be assigned why they should not have like discretion, as to the time and manner of making the allowance." Since the decision in that case, which was rendered in 1832, for the purposes of revenue it is provided in section 102 of article 81 of the Code (Supp. 1935) that: "The several orphans' courts shall fix the commissions of executors within 12 months from the grant of administration, and in all subsequent accounts wherein executors shall charge themselves with further assets, * * * and all commissions so fixed shall be subject to the tax imposed by the foregoing section." And section 103 of the same article provides: "Every executor shall pay said tax to the Register of Wills of the proper county or city on the passage of his accounts."

Under the present status of the law in this state, it therefore is the duty of the orphans' courts to fix the rate of commissions of the executor within the period of twelve months from the grant of letters of administration, notwithstanding that the state commission tax now chargeable on such commissions does not become payable by the executor until such time as his administration account is passed. And it is equally apparent that it is the duty of an executor to render to the appro-

priate orphans' court the first account of his administration within the period of twelve months from the grant of said letters, and to render subsequent accounts within each period of six months thereafter (if the estate is not shown to have been fully administered by the first account), until the same is fully administered; provided, however, that the orphans' court, in all cases, in its discretion, may grant an extension of six months, in which an executor may account. Code, sections 1, 2, and 3 of article 93.

Applying the several sections of the testamentary law, to which reference has hereinbefore been made, to the procedure followed in the instant case, it appears that all of these provisions have been ignored, except that the original order fixing the rate of commissions at two per cent. was passed within the prescribed period; and, by reason of the conclusion we reach in this case, we are not to be understood as approving the practice followed therein. The law is designed to effect an expeditious administration of estates of decedents, and incidentally furnish a source of revenue to the state; and, regardless of litigation which may develop in the course of the administration of an estate, as indicated in the record before us, there is no sound reason for failure to strictly comply with its provisions.

It contemplates that executors or administrators be compensated for their services in administering estates of decedents, and the latitude permitted the orphans' court, in the rate of commission it may allow, is doubtless for the purpose of fixing the compensation with due regard to the service rendered.

In the case of *Kealhofer v. Emmert,* 79 Md. 248, 249, 29 A. 68, 69, it was held that commissions of an executor "are not earned until the account is passed by the court," and, while the law now directs that the rate be fixed within the period set forth, it would seem that the right to change or modify an original order fixing the rate rests in the court until such time as the administration account is passed, provided, of course, that such modi-

fication does not exceed the limitation prescribed by the statute.

We find no conflict between what has already been said and the decisions in the cases of *Macgill v. McEvoy*, 85 Md. 286, 37 A. 218; and *York v. Maryland Trust Co.*, 150 Md. 354, 133 A. 128, cited in the appellants' brief. The former case dealt entirely with the well-recognized power of this court to review a discretionary power exercised by the orphans' court in the matter of the removal of a guardian (*Slattery v. Smiley*, 25 Md. 389; *Owen v. Pye*, 115 Md. 400, 80 A. 1007), and in the latter case this court reviewed the action of the orphans' court, not in the matter of fixing commissions, but the valuation of certain securities upon which the commissions were calculated. Also, in *Friedenwald v. Burke*, 122 Md. 156, 89 A. 424, 427, the question presented on appeal involved the compensation allowed an attorney who had been appointed "administrator *ad litem*, * * * charged with the sole duty of defending" an alleged will. Objection having been raised to the amount of compensation allowed by the Orphans' Court of Baltimore County by the presentation of an order purporting to rescind the former order fixing such compensation, and the appeal to this court being upon an exception to the refusal of the orphans' court to pass the order to rescind, it was held that the petition for the said order to rescind should have been set down "for a hearing after a reasonable notice to the appellee." On the other hand, in the matter of commissions to executors and administrators, this court has distinctly held (*In re Estate of Watts, supra*), that the orphans' court "was not required to hear testimony as to the services rendered by the executor before fixing the commissions, and the fact that commissions fixed by it were, in the opinion of the executor, excessive, is no reason why it should be required to do so, if, after considering the petition, it was satisfied with its previous judgment in the matter."

The commissions fixed by the Orphans' Court of Worcester County by its order of April 20th, 1937, must be

regarded as such, notwithstanding the order directed "all counsel fees and all extraordinary expenses incurred in administration of this estate" to be paid out of commissions. The quoted words of the order give no force to the contention of the appellants that an appealable allowance for counsel fees and extraordinary expenses has been made under the "guise" of commissions. On the contrary, there was no allowance made for such expenses, as, under the conditions of the order, the same can only be paid out of the administrator's commissions, and these commissions are fixed within the prescribed limitations.

For the reasons stated, the action of the lower court will not be disturbed.

*Order affirmed.*