IN THE MATTER OF THE ESTATE OF
AUGUSTUS A. KINSTENDORFF,
**DECEASED**

[No. 1208, September Term, 1976.]

*Decided July 13, 1977.*

The cause was argued before MORTON, MENCHINE and MELVIN, JJ.

*Richard H. James* for Norman R. Mitchell, Personal Representative of the estate of Augustus A. Kinstendorff.

*Alexander I. Lewis, III, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for Orphans' Court of Baltimore City.

MENCHINE, J., delivered the opinion of the Court.

Norman R. Mitchell, personal representative of the estate of Augustus A. Kinstendorff, deceased, dissatisfied with the commissions allowed by the Orphans' Court of Baltimore City, has appealed directly to this Court. His appeal has been met by a motion to dismiss upon the ground that direct appeal to this Court respecting commissions is not authorized by law.

### The Motion to Dismiss

Md. Est. & Trusts Code Ann. (1974) § 7-601 relates to the compensation of personal representatives: subsection (a) concerning the right thereto; subsection (b) concerning the calculation thereof, and subsection (c) providing that there may be an appeal to the circuit court in such cases.

Subsection (c) reads as follows:

> "(c) *Appeal.* — Within 30 days a personal representative, special administrator, or unsuccessful exceptant *may* appeal the allowance to the circuit court, which shall determine the adequacy of the commissions and increase, but not

in excess of the above schedule, or decrease them." (Emphasis added.)

Md. Cts. & Jud. Proc. Code Ann. (1974) § 12-501 reads as follows:

"§ 12-501. *Appeal to Court of Special Appeals.*

A party may appeal to the Court of Special Appeals from a final judgment of an orphans' court. However, if the final judgment was given or made in a summary proceeding, and on the testimony of witnesses, an appeal is not allowed under this section unless the party desiring to appeal immediately gives notice of his intention to appeal and requests that the testimony be reduced to writing. In such case the testimony shall be reduced to writing at the cost of the party requesting it."

The motion to dismiss the appeal contends that Estates and Trusts Article, § 7-601, provides the *exclusive* appeal procedure in cases involving disputes concerning commissions.

The personal representative, resisting the motion, argues that appeal rights conferred by Courts and Judicial Proceedings Article, § 12-501, are in no sense lessened by § 7-601, with the latter providing merely an *alternative* appeal procedure, akin to the alternative right of appeal to the circuit court granted by Courts and Judicial Proceedings Article, § 12-502, that reads as follows:

"§ 12-502. *Appeal to circuit court or Superior Court of Baltimore City.*

(a) *In general; exception in Harford and Montgomery counties.* — Instead of a direct appeal to the Court of Special Appeals pursuant to § 12-501, a party may appeal to the circuit court for the county or to the Superior Court of Baltimore City from a final judgment of an orphans' court. The appeal shall be heard de novo by the appellate court, and it shall give judgment according to the

equity of the matter. This subsection does not apply to Harford County or Montgomery County."

Appellant stresses legislative use of the word "may" in § 7-601.

We agree with the appellant. The case of *Riddleberger v. Goeller*, 267 Md. 64, 296 A. 2d 393 (1972), (*Riddleberger II*), wherein a direct appeal was entertained in a dispute concerning commissions, is dispositive of the issue.

In an earlier appeal[1] (*Riddleberger I*), the Court of Appeals had declined to review the action of an Orphans' Court fixing commissions within a range authorized by law. Reversing in part and affirming in part in *Riddleberger I*, the Court of Appeals remanded the cause for further proceedings.

Upon remand in *Riddleberger I*, the Orphans' Court of Baltimore County had increased substantially the commissions awarded to the personal representative. In the second appeal, the Court of Appeals, after describing the Orphans' Court's action as "an apparent attempt to nullify the effect of our decision [in *Riddleberger I*]," 267 Md. at 66, 296 A. 2d at 395, reversed the Orphans' Court order. In doing so, the Court of Appeals declared at 71 [397]:

"We must assume in evaluating this case that the orphans' court in its earlier order fixing commissions considered all of the criteria that should have been considered by that court in fixing commissions. There is nothing in the record to show that it did not. *The prior order had reached the state of finality where it was the subject of an appeal to this Court.* As we indicated in our prior opinion, the intent of the law is not to compensate an executor or administrator 'in effect for the honor of serving as personal representative,' but to compensate him for the duties such a personal representative is expected to perform, even though

---

1. Riddleberger v. Goeller, 263 Md. 44, 52, 282 A. 2d 101, 105 (1971).

he may hire an attorney at his expense to perform a part of those services. We made plain that counsel should not 'be paid from estates for the routine work of executors or administrators, such as opening bank accounts, procuring appraisals, and corresponding with creditors.' For the Orphans' Court of Baltimore County to now come along and allow a higher rate of commission to the personal representative for the same work which that court previously evaluated as worth a lesser amount of dollars we hold to be an arbitrary abuse of the discretion lodged in that court." (Emphasis added.)

The Court of Appeals in *Riddleberger II, supra,* stressed that its decision "Must be decided under the law as it existed prior to January 1, 1970," 267 Md. at 65, 296 A. 2d at 394. At that point in time the statute, now codified as Estates and Trusts Article, § 7-601, was codified as Article 81 § 146 and contained a provision authorizing an appeal to the circuit court. Nonetheless, the Court of Appeals in *Riddleberger II* entertained the direct appeal to that Court under the applicable predecessor to Courts and Judicial Proceedings Article, § 12-501, *supra.*

It is true that the Court of Appeals consistently has declared that it will not entertain an appeal respecting the allowance of commissions when it appears that the Orphans' Court has acted within the discretionary limits authorized by law. *Wilson v. Wilson,* 3 G & J 20, 23 (1832); *Newton v. Johnson,* 173 Md. 166, 195 A. 312 (1937); *Riddleberger I, supra,* at 51 (1971). A clear caveat to universal application of that rule of law, however, appears in the decided cases and quite clearly is stated in *Newton, supra,* as follows:

"In other words, it has been uniformly held that it is not within our province to control, or review on appeal, commissions that have been fixed by orphans' courts within the limitations prescribed by law. *In re Estate of Baxley,* 47 Md. 555; *Handy v. Collins,* 60 Md. 229; *Renshaw v. Williams,* 75 Md. 498, 23 A. 905; *In re Estate of Watts,* 108 Md. 696,

71 A. 316, 319; *St. Mary's Orphans Asylum v. Hankey,* 137 Md. 569, 113 A. 100; *Brown v. Tydings,* 149 Md. 22, 130 A. 337; *McCrea v. Roberts,* 89 Md. 238, 43 A. 39; *Dalrymple v. Gamble,* 68 Md. 156, 11 A. 718. On the other hand, however, it has been uniformly held by our predecessors that this court has the power to review on appeal a decision of the orphans' court that transcends the restricted power of the latter. *Renshaw v. Williams, supra,* and *St. Mary's Orphan Asylum v. Hankey, supra.*" 173 Md. at 169, 195 A. at 313-314.

Has the latter principle — that a final order of the Orphans' Court is subject to appellate review when that tribunal transcends its restricted powers — been altered by passage of the special right of appeal to the Circuit Court [2] conferred by § 7-601 (c), *supra?* We think not.

---

**2.** The special right of appeal by an executor relative to the allowance of commissions by an Orphans' Court was initiated by Ch. 561 of the Laws of 1965, codified as Section 146 of Article 81 of the Annotated Code of Maryland, and read as follows:

"In the event an executor is dissatisfied with the amount of commissions fixed by the orphans' court he may, within thirty days of the date the commissions are determined by said court, take an appeal to the circuit court of the county (Supreme Bench of Baltimore City) which court shall determine the adequacy of the commissions and increase or decrease them as the case may be; provided that in no event shall the amount of commissions fixed exceed that maximum amount allowed in Section 6 of Article 93 of the Code as amended from time to time."

In the general revision of the law relating to decedents' estates effected by Ch. 3 of the Laws of 1969, the special right of appeal was recodified as Article 93, § 7-601 (b) and read in appropriate part as follows:

"A personal representative or special administrator may, within thirty (30) days, appeal such allowance to the Circuit Court, which shall determine the adequacy of the commissions and increase (but not in excess of the above schedule) or decrease them, as the case may be."

By Ch. 11 of the Laws of 1974, the Legislature, in its adoption of a new Estates and Trusts Article, repealed Article 93 and recodified this special right of appeal as § 7-601 (c) so that the same reads as follows:

"Within 30 days a personal representative, special administrator, or unsuccessful exceptant may appeal the allowance to the Circuit Court, which shall determine the adequacy of the commissions and increase, but not in excess of the above schedule, or decrease them."

The latter is the language of the currently effective law.

None of the various legislative acts down to the current effective language of § 7-601 (c) contained specific provisions repealing or amending the general right of appeal from final orders of Orphans' Courts. Nor do we find any implied repeal or amendment of the general right of appeal.

In *Harden v. Mass Transit Adm.*, 277 Md. 399, 354 A. 2d 817 (1976), it was said at 407 [821]:

". . . another cardinal rule of statutory construction is that repeals not express will not be found unless demanded by irreconcilability or repugnancy."

We find no irreconcilability or repugnancy between § 7-601 (c),[3] *supra*, and § 12-501.[4] On the contrary, we think that the passage of § 7-601 (c) manifestly was intended only to permit an executor [5] to have an option to have the Circuit Court rather than the Orphans' Court be the tribunal for the final exercise of discretion respecting the amount of commissions properly allowable under the statute. Otherwise stated, we find no indication whatever that the passage of Ch. 561 of the Acts of 1965 and the subsequent amendments thereto were intended to change existing law governing appellate review of final orders of the Orphans' Courts when the latter have acted contrary to law.

Appellee also contends that the *Riddleberger* cases, *supra*, are distinguishable because they dealt only with appeals by others than personal representatives. We think this circumstance does not diminish the impact of those decisions in the subject case.

We recognize that *Riddleberger II, supra*, dealt with an appeal involving alleged abuse of discretion by an Orphans' Court. We hold that the same right of direct appeal under § 12-501, *supra*, exists where, as here, it is contended that the Orphans' Court acted contrary to law. *Cf. Radman v. Harold*, 279 Md. 167, 173, 367 A. 2d 472, 476 (1977).

---

3. Of Md. Est. & Trusts Code Ann. 1974.

4. Of Md. Cts. & Jud. Proc. Code Ann. 1974.

5. Later extended to "personal representative, special administrator or unsuccessful exceptant." See footnote 2, *supra*.

### The Substantive Issue

Estates and Trusts Article, § 7-601 (d) reads as follows:

"(d) *Commission on sale of real property.* — (1) In the event of a sale of real property by the personal representative, the court, upon petition filed in reasonable detail, may allow a commission on the proceeds of the sale as it shall consider appropriate but which shall not exceed 10 percent.

(2) If the personal representative retains the services of a licensed real estate broker to aid in the sale of real property, the commissions paid to the real estate broker are an expense of administration and may not be deducted from the commissions allowed by the court to the personal representative in accordance with subsection (a)."

In the subject case the record shows that the personal representative had retained the services of a licensed real estate broker to effect the sale of real estate forming part of the estate. It shows as well that the Orphans' Court allowed the personal representative a commission of 3% upon the sale of the real property.

Its allowance of that commission was, however, based upon an erroneous interpretation of § 7-601 (d). In a letter to counsel for the personal representative, the Chief Judge of the Court declared:

"The Court has always construed Section 7-601 (d) of the Estates & Trusts to mean that it should not allow more than 10% commissions on the sale of real property. When a broker sells the property, the Court has always deducted the amount paid to the real estate broker from the 10%. If the personal representative satisfies the Court that he should be paid the difference, then that amount will be approved by the Court to be paid to the personal representative."

Such a course is in direct conflict with the plain language of subsection (d) (2), *supra.*

Determination by the Orphans' Court of the amount of commissions, if any, that it may allow to a personal representative in the event of a sale of real property, should be made on the basis of the personal representative's entitlement to reasonable compensation for his services (§ 7-601 (a)); within the limits fixed by law (§ 7-601 (d) (1)); and without consideration of commissions paid to a licensed real estate broker (§ 7-601 (d) (2)). We express no opinion with respect to the amount of commissions, if any, that properly may be awarded to the personal representative by the Orphans' Court when such a determination is made in accordance with the law. This is an issue committed to the discretion of the Orphans' Court. *Riddleberger I, supra,* at 51 [105].

> *Order fixing commissions vacated*
> *and cause remanded for recon-*
> *sideration of commissions allow-*
> *able.*
>
> *Costs to be paid by the estate.*