## HARRY K. BEACHLEY *vs.* THE ESTATE OF HARRY L. BOLLINGER, DECEASED.

*Executor and Administrator*: *debts of decedent; duty to pay; personal liability; judgments against an administrator; Orphans' Court no power to enforce. Commissions. Presumption in favor of lower Courts. Decedents' estates*: *distribution; widow, no children surviving.*

It is the duty of an executor or an administrator, if he has assets, to pay the debts of the decedent without delay, unless he has good cause to contest them; he enters into such a contest at his own peril and becomes personally liable for the costs.                                      p. 155

Where without probable cause an administrator resists payment of a claim against the decedent's estate, an allowance of counsel fees and costs is improper.              p. 156

Although a creditor of a decedent's estate may recover judgment against the administrator personally, yet the Orphans' Court has no jurisdiction in settling the estate to enforce the payment by the executor; the creditor must resort by proper proceedings to other tribunals to assert whatever right he has.
                                              p. 157

It is the duty of the Orphans' Court to fix and award commissions to the executor, even though such commissions are not claimed.                              p. 157

The amount of commissions to be allowed, within the limits fixed by law, is discretionary with the Orphans' Court, and from their decision no appeal will lie.            p. 156

Under secs. 308 and 309 of Art. 93 of the Code of 1912, if a decedent leaves a widow and no infant child or children surviving him, the widow is entitled to an allowance of $75.00, or its equivalent in house or kitchen furniture.      p. 156

In the absence of anything to the contrary, it is to be assumed that the Orphans' Court in its rulings acted correctly and according to statute.                        p. 156

*Decided December 7th, 1912.*

Appeal from the Orphans' Court of Washington County.

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*Leon R. Yourtee* and *Albert J. Long,* submitted a brief for the appellant.

*Scott M. Wolfinger,* submitted a brief for the appellee.

BURKE, J., delivered the opinion of the Court.

The amount involved in this appeal is trifling. The facts of the case are few and practically undisputed. Those necessary to be stated in order that the questions presented may be clearly understood are these: On June 13th, 1910, Harry K. Beachley, the appellant, presented to the Orphans' Court for Washington County an account for $96.20, properly verified by his affidavit, against the estate of Harry L. Bollinger which estate was in course of administration in that Court. This account was duly passed.

On December 12th, 1911, the first and final account of Harriet Bollinger, the administratrix of Harry L. Bollinger, was presented to that Court and approved.

This account showed a final settlement of the estate. The claim of the appellant was disputed by the administratrix, and was ignored in the account, although the administratrix had knowledge of it at the time the account was passed.

The appellant brought suit upon the claim before a Justice of the Peace against the administratrix, and recovered an absolute judgment against her for the amount of the claim and costs.

After the judgment had been recovered, she filed a petition in the Orphans' Court stating that the claim was not a valid one against the estate of her decedent, and prayed leave to appeal the case and employ counsel to represent her in the appeal.

The Court granted leave as prayed. The Circuit Court, upon the appeal, rendered an absolute judgment against the administratrix for the sum of $96.00 and costs of the suit, which are shown by the record to be $15.48.

On the 19th day of July, 1912, upon the petition of the administratrix the prior account was set aside by the order of the Court, and the sum of $25.00 was allowed Elias B. Hartle as a counsel fee in the appeal case to be charged as part of the costs of administration, and a new account was directed to be stated to include the claim of the appellant. On the same day a new and final account was stated and approved which showed the estate to be insolvent, paying the unpreferred creditors about thirteen cents on the dollar.

In the re-stated account the following allowances appear:

1. Money paid Elias B. Hartle, attorney, for services as per order of Court passed July 19, 1912, $25.00.

2. Money paid costs in No. 36, Appeals, May Term, 1912, Circuit Court for Washington County, $15.48.

3. 10% commission on $430.20, $43.02.

4. To the widow, the administratrix, under Section 305, Article 93, Code 1904, $75.00.

The balance remaining for distribution among the general creditors of the deceased was $18.44.

On the 26th of July, 1912, the appellant filed a petition asking the Court to set aside its order of July 19, 1912, by which the re-stated account was approved, and also to rescind its order passed on the same day by which $25.00 was allowed to Mr. Hartle as part of the costs of the administration. He also objected to the allowance of the item of costs adjudged against the administratrix in the appeal case.

The matter of the petition was set for hearing, and after argument the prayer of the petition was denied by the Court in its order of August 13th, 1912, and it was adjudged that the petitioner pay the costs, and from this order he has appealed. No order of the Circuit Court which tried the appeal case was produced by the administratrix certifying

that there were probable grounds for resisting the plaintiff's claim.

Upon this state of facts two questions are presented for decision: First. Were the allowances of twenty-five dollars to Mr. Hartle as counsel and $15.48, the costs in the appeal case, proper allowances as cost of administration under the circumstances stated? Second. Were the allowances of ten per cent. to the administratrix, and $75.00 to her, as the widow of the deceased, proper? The first of these questions must be answered in the negative, and the second in the affirmative.

It is provided by Section 104, Article 93, Code 1912, as follows: "Executors and administrators, shall have full power to commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted, except actions of slander; and they shall be liable to be sued in any Court of law or equity, in any action (except for slander and injuries to the person) which might have been maintained against the deceased; and they shall be entitled to and answerable for costs in the same manner as the deceased would have been, and shall be allowed for the same in their accounts, if the Court awarding costs against them shall certify that there were proper grounds for instituting, prosecuting or defending the action on which a judgment or decree shall have been given against them." This section is a codification of the Act of 1798, Ch. 101, as amended by the acts of 1861, Ch. 44, and 1888, Ch. 262.

In *Ferguson* v. *Cappeau*, 6 H. & J. 395, CHIEF JUDGE BUCHANAN said: "In England, costs are soemtimes given against an executor or administrator plaintiff, in his individual character; as if he names himself executor or administrator in an action, where he may sue in his individual capacity; there if he fails he is personally liable for costs, as in action for trover and conversion after the death of the testator or intestate. But where he is obliged to sue in his representative character, the judgment for costs is never *de bonis testatoris, etc.,* and the Act of 1798, Ch. 101, sub-ch.

8, sec. 5, makes no difference in the form of a judgment against the executor or administrator plaintiff, but he is to be answerable for costs in the same manner as the deceased would have been, that is in his individual character.    That act does not give a judgment *de bonis testatoris* in the case of a plaintiff executor or administrator, but leaves the judgment to be entered *de bonis propriis,* as it is in England, in cases where a plaintiff executor or administrator is liable for costs, but goes farther than the practice in England, and gives to the defendants in every case, by extending that judgment *de bonis propriis* for costs against executors and administrators, to all cases in which they are plaintiffs.    And this construction of the Act is sustained by that clause of the same section, which provides that executors and administrators shall be allowed in their accounts for the cost so awarded against them, providing the Courts awarding them shall certify that there were probable grounds for instituting, prosecuting or defending the suits, etc., for if the judgment was to be *de bonis testatoris* that clause would be wholly nugatory.    And there is no hardship, nor anything unreasonable in this, since at the same time that it prevents the waste of the estates of deceased persons, in frivolous and vexatious suits, which executors and administrators might be tempted to bring, if they were exempted from all liability for costs, affords them ample protection in the authority given to the Orphans' Courts to make them an allowance for costs in settlement of their accounts, whenever such allowance shall appear to be proper."

In *Bowie, Exec.,* v. *Ghiselin,* 30 Md. 553, it is said that "it is the duty of an executor, if he has assets, to pay the debts of the deceased without delay, unless he has good cause to contest them; he enters into such contest at his own peril, and becomes personally liable for the costs.  By the Code 1860, Article 93, section 105, a Court of law or equity having jurisdiction over the case is authorized to award costs against such executor, which he is not entitled to have allowed to him in his administration account without the certificate of

such Court that there were probable grounds for defending the action." To the same effect is *Dalrymple* v. *Gamble,* 68 Md. 156.. We therefore decide under the authority of the cases referred to that the allowance of counsel fee and costs was improperly made.

As to the second question. Section 5, Article 93, Code 1912, provides that the amount of commission to be allowed an administrator shall be at the discretion of the Court, "not under two per cent., nor exceeding ten per cent. on the first twenty thousand dollars of the estate, and on the balance of the estate not more than two per cent."

In·this case the total estate was $430.20, and the Court allowed the appellee ten per cent. This allowance being within the discretionary jurisdiction of the Court, its action is not subject to appeal. This Court said in *Dalrymple* v. *Gamble, supra,* that "the question of commissions is entirely in the discretion of the Orphans' Court, except so far as it is limited by law, and no question is presented of the Court's transcending that limit in respect to the allowance."

As to the allowance of $75.00 to the appellee, as widow of the decedent. Section 308 of Article 93 of the Code 1912, provides for the allowance of $150.00 to the widow of the decedent out of the personal estate remaining after the payment of funeral expenses where the deceased has .left an infant child or children surviving him being also the child or children of said widow; and section 309 of that article is as follows: "If the decedent leave a widow and no infant child or children surviving him, the widow *shall be in like manner entitled* to an allowance of $75.00 in money or its equivalent in household and kitchen furniture as provided for in the foregoing section." In the absence of anything to the contrary we must assume that the deceased left no infant child or children surviving him, and, therefore, under the section quoted it was the duty of the Court to have made the allowance of $75.00 to the appellee, as widow.

The appellant contends that inasmuch as the judgment rendered against the administratrix was an absolute one, and

was, therefore, personally binding upon her it was error in the Court to have allowed her commissions and the $75.00 as widow.

The answer to this contention is two-fold. First, it was mandatory upon the Orphans' Court under the section of the Code we have transcribed to have made the allowance it did to the widow, and it was likewise mandatory upon it to have fixed the amount of commissions the appellee should receive. We said *In re Estate of Watts,* 108 Md. 696: "Section 112, Art. 81 of the Code 1904 imposes a tax, for the benefit of the State, on all commissions allowed to executors and administrators by the Orphans' Court, and Section 113 of Article 81 provides that the Orphans' Court 'shall fix such commissions in all cases in which letters of administration have been or may hereafter be granted, whether commissions are claimed by executors or not,' and that the commissions so fixed shall be subject to the tax imposed by Section 112. It is therefore made the duty of the Orphans' Court to fix the commissions, not only in cases where the executor fails to claim them, but 'all cases,' (not covered by sec. 6 of Art. 93) whether he claims them or not, and it is on the commissions so fixed, and not on the commissions claimed by the executor, that the tax is imposed." Secondly, conceding that the appellee is personally liable to the plaintiff because of the form of the judgment, the Orphans' Court had no jurisdiction in the settlement of the estate of Harry L. Bollinger to enforce the payment of claims of the appellant against his wife. He must resort to another tribunal by appropriate proceedings to assert any right he may have against her.

> *Order reversed, and case remanded, the appellee to pay the costs above and below.*