# ST. MARY'S FEMALE ORPHAN ASYLUM

*vs.*

## JOHN H. HANKEY, ADMINISTRATOR, C. T. A.

*Commissions of Administrator—Statutory Limit.*

That there are successive administrations of an estate does not justify the allowance of commissions in excess of the amount named in the statute.                                   pp. 571, 572

The action of the orphans' court, in allowing commissions to administrators in excess of the statutory limit, is subject to review by the Court of Appeals.                               p. 572

*Decided January 13th, 1921.*

Appeal from the Orphans' Court for Frederick County.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and URNER, JJ.

*Alfred Jenkins Shriver,* for the appellant.

*Frank L. Stoner,* for the appellee.

BRISCOE, J., delivered the opinion of the court.

This is an appeal from an order of the Orphans' Court of Frederick County, passed on the 14th day of June, 1920, allowing certain commissions to John H. Hankey, administrator *c. t. a.* of George E. Hankey, late of Frederick County, deceased.

It appears that George E. Hankey died on the 20th day of December, 1915, and shortly thereafter John H. Hankey and the Farmers and Mechanics' National Bank of Frederick County were appointed administrators, and continued to act as such until a controversy on the caveat to the will of the deceased was determined and the will was admitted

to probate. *Woodstock College* v. *Hankey et al.,* 129 Md. 675; *Wood* v. *Hankey et al.,* 133 Md. 389.

Shortly after the will was admitted to probate, the Orphans' Court of Frederick County appointed John H. Hankey administrator *c. t. a.* of George E. Hankey, deceased.

The following statement of facts have been agreed to be taken and considered as part of the record in the case, to wit:

> On the 16th day of February, 1917, the Farmers & Mechanics National Bank of Frederick and John H. Hankey, administrators, stated their first and final account, which was approved, and transferred the estate of George E. Hankey, deceased, from themselves as administrators to John H. Hankey, administrator *c. t. a.,* he being one of the original administrators; that when the first and final account of the Farmers & Mechanics National Bank of Frederick and John H. Hankey, administrators, was passed and approved by the Orphans' Court for Frederick County on the 16th day of February, 1917, the administrators were allowed full commissions of ten per cent. on $20,000 and two per cent. on $793.93, the excess over $20,000, amounting in all to $2,015.88 commissions, which was divided between them when the estate of George E. Hankey, deceased, was transferred from the first administration to the administrator *c. t. a.;* that subsequently when John H. Hankey, administrator *c. t. a.,* stated his account, a certified copy of which appears in the record, he was allowed full commissions of ten per cent. on $17,863.21, the full amount which was transferred to him by the Farmers & Mechanics National Bank and John H. Hankey, administrators, and also allowed ten per cent. commissions on $1,911.57, being the increase on the sum of $17,863.21, transferred to the administrator *c. t. a.*

It will be thus seen that the value of the personal property, belonging to the estate of Mr. Hankey on the 20th of February, 1917 was $20,793.73, and it is agreed that the

administrators, at that date, received commissions of ten per cent. on the sum of $20,000 and two per cent. on the sum of $793.73, amounting to the sum of $2,015.88 as commissions.

In the second and final account of Mr. Hankey, administrator *c. t. a.* of George E. Hankey, passed by the Orphans' Court of Frederick County, on the 14th day of June, 1920, it appears, as set out in the record, that the administrator charges himself with the sum of $17,863.21 received from the first account passed on the 16th of February, 1917, and also with the sum of $1,911.57 received from other sources, showing in his hands, at that time the sum of $19,774.78, and on this amount he was allowed full commissions of ten per cent. in the amount of $1,977.48.

The amount of the whole personal estate, reported in the two accounts, amounted to the sum of $22,705.50, and upon this the Orphans' Court allowed commissions to the extent of $3,993.36, that is, the sum of $2,015.88, in the first account and the sum of $1,977.48 in the second and final account, of which sum Mr. Hankey received $2,985.29.

It is clear, we think, that the Orphans' Court of Frederick County transcended its power in awarding commissions in this case. The law is well settled in this State, that the right to commissions does not arise from contract, but is founded on and fixed by statute. By Sec. 5 of Art. 93 of the Code it is provided that administrators' commissions shall be at the discretion of the Orphans' Court, not under two per cent, nor exceeding ten per cent., on the first twenty thousand dollars of the estate and on the balance of the estate not more than two per cent. In this case, it appears that the Orphans' Court has disregarded the statute and has allowed a sum exceeding the maximum amount allowed by law on the estate. In other words, the Orphans' Court has allowed practically twenty per cent. in commissions on the amount of the estate, as will appear by an examination of the two administration accounts.

In 18 Cyc. 1159, the general rule is thus stated: "Where an estate is administered by successive personal representatives the compensation allowed should be apportioned among them according to the services rendered, and the compensation of one will not be increased because his predecessors received no compensation for their services. A second administrator is not entitled to commissions on assets on which a commission has been paid to a former administrator, and the fact that there are successive administrations should not increase the rate of commissions on any part of the assets. *Renshaw* v. *Williams,* 75 Md. 498; *In re Estate of Baxley,* 47 Md. 555.

In *Handy* v. *Collins,* 60 Md. 229, it is said that the law declares that commissions to executors and administrators shall be at the discretion of the orphans' court, and it is clearly settled that the rate fixed by that court in the exercise of this discretion, within the prescribed limits, is not a subject of review or appeal.

On the other hand, it is also well settled that when the orphans' court transcends the limit fixed by law in respect to the allowance, this court has full power to review its action. *Dalrymple* v. *Gamble,* 68 Md. 156; *In re Estate of Watts,* 108 Md. 696.

For the reasons stated, the Orphans' Court of Frederick County, under the facts of this case, was without jurisdiction to allow the commissions in excess of that permitted by law, and its order of June 14th, 1920, must be reversed and cause remanded, to the end that an order may be passed, in accordance with views expressed herein, disallowing ten per cent. commissions on $19,774.78 allowed in the second and final account filed on the 14th day of June, 1920, and allowing such commissions on the $1,911.57, as in their discretion may be proper and right.

*Order reversed and cause remanded, the costs in both courts to be paid out of the estate.*