IN THE MATTER OF THE ESTATE OF WILLIAM
KNIGHT, DECEASED.

*Appeal from Orphans' Court—Amount of Counsel Fee.*

Under Code, art. 5, sec. 62, requiring an appeal from an order
or decree of the orphans' court to be taken within thirty days,
an appeal not so taken will be dismissed.                    p. 378

When the orphans' court has power to allow a counsel fee,
the amount must, in a great measure, be left to its discretion,
and if the allowance is objected to as not reasonable or as excessive, the Court of Appeals will assume that the decision was
correct, in the absence of the evidence or the facts on which the
orphans' court acted.                                        p. 379

*Decided January 8th, 1924.*

Appeal from the Orphans' Court of Cecil County.

Petition by George Ross Veazey for the allowance to him
of a fee as counsel for Annie K. Veazey, adminstratrix of
the estate of William Knight, deceased. From an order allowing such a fee, said Veazey appeals. Appeal dismissed.

The cause was submitted on briefs to BOYD, C. J., BRISCOE,
THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and
OFFUTT, JJ.

*George Ross Veazey,* for the appellant.

*Wm. Pepper Constable* and *C. Alex. Fairbank, Jr.,* for
Belle Ward Graham and others, beneficiaries of the estate of
William Knight.

Thomas, J., delivered the opinion of the Court.

On the 7th of February, 1923, George Ross Veazey, Esq., presented a letter or petition to the Orphans' Court of Cecil County, in which he asked the court to determine in advance of the preparation of the "administration account" the commission to be allowed Annie K. Veazey, administratrix *d. b. n. c. t. a.* of William Knight, deceased, stated his reasons for recommending that she be allowed a commission of ten per cent.; gave the dates on which he had given attention to the administration of the estate; stated that he had prepared a release to the administratrix, had conferred with a Mr. Bratton in regard to the form of a deed to the purchaser of certain property, made arrangements for advertising the property, and attended the sale thereof, and concluded with the following statement:

> "I further submit a proper counsel fee to me for services in this matter will be the sum of $500.00 *to be paid out of the estate.* I have, however, taken this up with Mr. Evans, who is familiar with such matters in your county, and have asked him to present this letter to you with such recommendations as may be (seem) proper to him in the premises. Respectfully yours, George Ross Veazey."

The record in this case consists of the above letter or petition and the following proceedings in the orphans' court:

> "And thereupon afterward the Judges of said Court on the 27th day of March, 1923, passed the following order: 'Ordered that Annie K. Veazey, Administratrix *d. b. n. c. t. a.,* of William Knight, deceased, be allowed 4% commission, and George Ross Veazey, attorney, be allowed a fee of $150.00.'

> "And thereupon afterward on the 26th day of April, 1923, came into said Court, George Ross Veazey, attorney for Annie Knight Veazey, Administratrix *d. b. n. c. t. a.,* of William Knight, deceased, and was heard in regard to commissions and attorney fee allowed by the Court at the meeting of March 27th and the

Judges, after deliberation, reaffirmed the decision of that date, allowing the administratrix 4% commission, and George Ross Veazey a counsel fee of $150.00.

"In the
"Orphans' Court of Cecil County.
"In the Matter of the Estate of
William Knight, Deceased.

"Mr. Clerk:

"Please enter an appeal to the Court of Appeals from the order of the Court passed on or about April 26th, denying the petition of the Executor for an allowance of travelling expenses and from the order of same date awarding her a counsel fee of $150.00.

"George Ross Veazey, per B.,
"George Ross Veazey,
"Solicitor for Petitioner."

If we were to treat the appeal in this case, the order for which was filed on the 23rd of May, 1923, as an appeal from the order of the orphans' court of March 27th, 1923, we would have to dismiss the appeal because it was not taken within the thirty days allowed by section 62 of article 5 of the Code. *Culver* v. *Cooke,* 133 Md. 683.

The order for appeal, however, specifies as the subjects of the appeal "an order of the court passed on or about April 26th denying the petition of the executor for an allowance of traveling expenses" and "the order of the same date awarding her a counsel fee of $150." The record does not contain "the petition of the executor" referred to in the order for appeal, or any order of the orphans' court in regard to the allowance of "travelling expenses," and the only proceedings of the orphans' court set out in the record, other than the letter or petition of February 7th and the order of March 27th, 1923, are those mentioned of April 26th, in regard to which the record states that George Ross Veazey, attorney for the administratrix, appeared in court "and was heard" in reference to the "commissions and attorney fee allowed

by the Court at the meeting of March 27th and the judges
after deliberation, reaffirmed the decision" of March 27th
allowing the administratrix a commission of four per cent.
and Mr. Veazey a fee of $150. If the appeal is from the
action of the orphans' court on April 25th, reaffirming its
decision of March 27th in regard to the counsel fee, then the
evidence produced or the facts presented to the orphans'
court at the hearing mentioned in the record should have been
set out in the record, so as to enable this Court to review the
action complained of. When the orphans' court has the
power to allow a counsel fee, "the amount must, in a great
measure, be left to its discretion," and if the allowance is
objected to on the ground that it is not a reasonable one, or is
excessive, in the absence of the evidence or the facts before
the orphans' court in disposing of the objection, this Court
must assume that its decision was correct. *Miller* v. *Gehr,* 91
Md. 709; *Wilson, In re Martin,* 135 Md. 195; *Harrison &
Wife* v. *Ridgely and Ward,* No. 14 Appeals, October Term,
1923.

As no appeal was taken from the order of the orphans'
court of March 27th within the time allowed by the statute,
and as this Court cannot, for the reasons stated, review the
action of that court on April 26th reaffirming its decision
of March 27th, the appeal in this case must be dismissed.

*Appeal dismissed, with costs.*