JOHN WATSON, JR., Executor, *v.* JOSEPH B. COOK.
[No. 1, April Term, 1936.]

*Decided May 19th, 1936.*

378

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, JJ.

*John Watson, Jr.*, submitting on brief, for the appellant.

*William C. Rogers*, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

In September, 1935, Joseph B. Cook, an undertaker, filed, in the Orphans' Court of Baltimore City, under section 353A of the city charter (Code Pub. Loc. Laws 1930, art. 4, sec. 353A), a petition in which he recited that he had two years previously buried the remains of one Mary F. Timanus according to her station in life, and had subsequently called upon her executor, appellant herein, for the payment of $346.30, being the amount thus expended by him in the preparation and burial of her remains; and that the executor refused to pay said sum, which, however, was a reasonable one. To this petition the executor answered, alleging that he had no part in ordering or arranging for the funeral expenses of his decedent, having at that time been absent from the State of Maryland, and had no knowledge of what actually took place with reference to her burial; yet he further stated that decedent's estate consisted of property located in Baltimore City appraised at 1,500, furniture and jewelry appraised at $71, and an indebtedness of $1,185, against which, in addition to funeral expenses, there were other claims, including taxes of $110.20, medical services of $275, miscellaneous claims of $100, and a disputed claim for services allegedly rendered deceased, amounting to $132. It was therein contended that the undertaker's bill for funeral expenses was unreasonable and excessive, and should be

reduced to meet the "circumstances of the deceased." Some weeks later, the matter was heard by the court upon petition and answer, whereupon an order was passed directing the executor to pay unto petitioner $300 on account of the bill in question. It is from this order that the present appeal is taken.

Obviously the statement of the executor that he had no part in ordering or arranging for the burial of his decedent, because of his absence from the state, is unavailing and immaterial, for as said by Judge Irving, speaking for this court in *Lentz v. Pilert,* 60 Md. 296, 300: "In such case because proper burial was indispensable, and somebody must take the responsibility of having it attended to, the law has generally been understood to accord payment from the estate on an implied promise on the part of the executor or administrator to pay it. *Chitty on Contracts,* 296; *Green v. Salmon,* 8 A. & E. 348; *Tugwell v. Heyman,* 3 Camp. 298; *Rogers v. Price,* 3 Y. & J. 28."

The question in controversy having been submitted to the court for determination upon petition and answer under oath, all material allegations of fact contained in the answer must be taken as true. *Fulford v. Fulford,* 153 Md. 81, 92, 137 A. 487, and cases there cited; *Bagby on Executors and Administrators,* sec. 148. It therefore indisputably appears that the estate is solvent to an extent exceeding $1,800, even by allowing the account here under consideration and all other claims presented.

By section 353A of the Baltimore City Charter (Code Pub. Loc. Laws, 1930, art. 4, sec. 353A), under which the order was passed, it is provided *inter alia* that "every executor or administrator within ninety days after the grant of letters, shall pay, out of the first moneys received by him, after the first cost of letters of administration, and after all taxes due from this decedent shall have been paid or determined, the funeral expenses of his decedent, to be allowed in the discretion of the Orphans' Court according to the condition and circumstances of the de-

ceased, in no event to exceed $300.00, except by special order of court, and provided the estate of the decedent be solvent, and the same shall be preferred to all debts and claims against the deceased, except for taxes due and in arrears from the decedent." Subsequently in the same section a remedy is provided to insure the speedy payment of funeral expenses. The section itself, apart from this remedy, in no way conflicts with section 5 of article 93 of the Code (Supp. 1935) with reference to the amount to be allowed as funeral expenses at the discretion of the court, not exceeding $300, except by special order, and provided the estate of a decedent be solvent, and this construction of the statute is not changed by the provision requiring the court to "fix and determine the amount due theron" (Code Pub. Loc. Laws 1930, art. 4, sec. 353A), since the amount allowable for such expenses in their discretion up to $300 can in no case exceed the amount actually due therefor.

In view of the admitted solvency of the estate to the extent shown by the answer, we are of the opinion that, even though the discretion thus delegated by the Legislature is reviewable, there is shown no abuse of it on the part of the Orphans' Court of Baltimore City. Moreover, in all such cases, in the absence of a showing to the contrary, the orders of the court are presumably correct. *Badders v. O'Brien,* 114 Md. 451, 455 and 456, 79 A. 917; *In re Knight's Estate,* 144 Md. 376, 379, 125 A. 183, and cases there cited; *Beachley v. Estate of Bollinger,* 119 Md. 151, 156, 86 A. 135.

But is the order appealed from reviewable, or was the discretion exercised by the Orphans' Court in its passage such as to deny this right? Undoubtedly, in certain cases there exists a judicial discretion, by which there is conferred upon the trial court the exclusive right to decide as the court finds proper; its discretion in such cases not being subject to review by an appellate tribunal. See 1 *Words and Phrases,* Fourth Series, p. 758. Such "discretion" is defined in *Bouvier's Law Dictionary* (Rawle's 3rd Revision) p. 884, as: "The power exercised

by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court."

That part of section 353A of the Baltimore City Charter, in so far as the delegation of discretion is concerned, being in harmony with section 5 of article 93 of the Code, the decisions under the latter may, so far as applicable, appropriately be considered in dealing with the charter provision. In construing the Code provision, this court has in many cases recognized the existence of an irreviewable discretion with reference to the allowance of commissions to an executor or administrator, and has always held that, so long as the allowance in question was within the limits prescribed by the statute, the action of the court in fixing commissions was irreviewable, and therefore not appealable. *Handy v. Collins*, 60 Md. 229; *Dalrymple v. Gamble*, 68 Md. 156, 168, 11 A. 718; *In re Watts' Estate*, 108 Md. 696, 698, 71 A. 316, 319; *Beachley v. Estate of Bollinger*, 119 Md. 151, 156, 86 A. 135; *St. Mary's Female Orphan Asylum v. Hankey*, 137 Md. 569, 113 A. 100; *Brown v. Tydings*, 149 Md. 22, 25, 130 A. 337; *Downes v. Safe Deposit & Trust Co.*, 164 Md. 293, 301, 164 A. 874.

Thus, in *Re Watts' Estate, supra,* the action of the Orphans' Court increasing commissions claimed by an executor without taking any testimony as to the value of the services rendered by him was held not reviewable, the court saying: "The inventories, lists of debts, and reports required by law to be filed *(Linthicum v. Polk,* 93 Md. [84] 93, 48 A. 842), and the executor's account disclose the amount and character of the estate, and, except, perhaps, in rare cases, the nature and extent of the executor's services in the administration of the estate, from which the court can readily determine the proper commissions to be allowed as compensation for such services. We cannot presume that the orphans' court acted arbitrarily, but, as was said in *Ex parte Shipley,* 4 Md. 493:

'We must presume that the court properly exercised its powers, until the contrary appears.' "

Again in *Newcomer v. Miller,* 166 Md. 675, 681, 172 A. 242, 244, Chief Judge Bond, in considering whether an order passed by the chancellor in certain receivership proceedings was reviewable, said: "The existence of a discretion does not in all cases prevent review, however. While absolute in some cases, and not open to review, in others discretion is reviewable. *Brown v. Hutzler Bros. Co.,* 152 Md. 39, 46, 136 A. 30; *Scheffler v. Lee,* 126 Md. 373, 94 A. 907; *Chase v. Winans,* 59 Md. 475, 479; *Esterline v. State,* 105 Md. 629, 66 A. 269; *Jones v. State,* 132 Md. 142, 148, 103 A. 459; *Snowden v. State,* 133 Md. 624, 636, 106 A. 5; 2 *Poe, Pl. & Pr.,* sec. 287. The extent of discretion and the right of review differ according to the purpose of the discretion. Here the court is considering, not a mere regulation of order and progress in a proceeding in court, or in a matter in which the judge's close contact with the circumstances would give him an understanding preferable to that of judges on appeal, so that by reason of these or other circumstances it should defer to the judgment of the trial judge."

The test then as to whether the discretion conferred by the statute is reviewable would seem to depend upon the nature of the subject matter under consideration, and whether such discretion is inherent therein, as where the court's final conclusion must be a matter of individual opinion, based either upon facts within its official knowledge or obtained from its records. Hence, in cases of this character the court, by virtue of its constant dealing with the various reports required by law to form a part of its records concerning an estate, as well as by reason of its special knowledge of estates of decedents gained from contact, may possess qualifications superior to that of appellate tribunals in dealing with such problems.

Appellant cites *In re Wilmer,* 137 Md. 29, 111 A. 118, in support of his contention that the order here being considered is reviewable; but an examination of that case is not convincing as to the soundness of his position.

There, under a different statute fixing no limits for guidance of the court, a guardian, in filing an account, submitted therewith a form of order providing for an increase in the annual allowance of her wards. These amounts were reduced by the orphans' court without hearing any evidence. Its action was reversed, there being in that case no guide to chart the court's discretion, and the subject-matter, to wit, the needs of the infants, was determinable neither from any records of the court nor from its official knowledge, but exclusively from facts beyond its knowledge and concerning which it refused to receive information.

It, therefore, seems to this court that the reasons adopted by the authorities cited for holding irreviewable orders passed by orphans' courts fixing, within the statutory limit, the amount of commissions to executors and administrators, apply with equal force to the allowance made in the order here being considered, and inasmuch as the sum fixed for funeral expenses does not exceed the statutory limit, we must hold that in passing the order the Orphans' Court of Baltimore City exercised an irreviewable discretion. The order, therefore, is not appealable, and the appeal must be dismissed.

*Appeal dismissed, with costs to appellee.*