## NORMAN M. ANDERSON *v.* HILDA UNDUCH PEUSCH CARTER ET AL.

[No. 76, October Term, 1938.]

*Decided December 1st, 1938.*

The cause was submitted on briefs to BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Theodore F. Brown* and *A. Earl Shipley,* for the appellant.

*Jas. E. Boylan, Jr.,* for the appellees.

URNER, J., delivered the opinion of the Court.

The appellees, as administratrices of the estate of their deceased mother, in their account and proposed distribution charged the share of the decedent's surviving husband with funeral expenses and other claims, for which he was considered to be primarily liable but which the appellees had paid. This appeal is from an order of the Orphans' Court overruling exceptions by the surviving husband to those charges. The principal item to which he made objection was an allowance of $300 for funeral expenses.

By section 5A of article 93 of the Code (1935 Supplement), it is provided:

"Whenever any married woman dies, or shall have died, her estate, providing it be solvent, shall be liable for the payment of her funeral expenses, to be allowed in the discretion of the Court according to the conditions and

circumstances of the deceased, not to exceed Three Hundred ($300) Dollars, except by special order of court. It shall be the duty of the executor or administrator of such a deceased wife's estate to pay said funeral expenses out of her estate and to thereafter collect from the deceased wife's surviving husband a sum sufficient to reimburse said decedent's estate for the amount so paid out of it to cover said funeral expenses. The provisions of this sub-title are not intended to relieve a surviving husband of his liability for the payment of his deceased wife's funeral expenses, but is intended to make a deceased wife's estate, providing it be solvent, a primary source from which her funeral expenses may be paid."

The ground of the exception to the funeral expense item in the administration account is that the payment was not made originally out of the decedent's estate. But the advancement of money by the appellees personally to pay those expenses entitled them to reimbursement from the estate (*Lentz v. Pilert,* 60 Md. 296, 299; *Watson v. Cook,* 170 Md. 377, 184 A. 908), and did not relieve the surviving husband of the decedent from his liability to reimburse the estate as required by the quoted statute.

The other items objected to were two accounts, totalling $85, for medical services, a $25 account for nursing, and a bill of $8.18 for merchandise. These claims against the estate, having been paid by the administratrices, were charged against the appellant's distributive share, presumably upon the ground that they were for necessary services and supplies to the decedent for which the appellant as her husband was primarily indebted. The items themselves give support to that theory. There is no suggestion in the exceptions, and no evidence in the record, that the bills were incurred upon the wife's sole credit, or that they did not represent provisions for her actual needs, or that they were excessive. In the absence of any adequate basis for a contrary conclusion, we would not be justified in reversing the order which overruled the exceptions. The liability of the appellant to his wife's estate on account of the payments from it of debts for which

he was responsible, and the right of the administratrices to deduct such payments from his share of the estate, could not be doubted, in view of the decisions of this court in *Farver v. Pickett,* 162 Md. 10, 158 A. 29; *Barnes v. Starr,* 144 Md. 218, 124 A. 922; *McFerren v. Goldsmith-Stern Co.,* 137 Md. 573, 113 A. 107; *Gosnell v. Flack,* 76 Md. 423, 25 A. 411; *Hoffman v. Hoffman,* 88 Md. 60, 40 A. 712; *Hemsley v. Hollingsworth,* 119 Md. 431, 447, 87 A. 506; *Mullen v. Moore,* 156 Md. 420, 144 A. 342, and cases there cited.

*Order affirmed with costs.*