BRACK *v.* TINGLEY, Executrix

[No. 10, September Term, 1958.]

---

4. See Code (1957), Art. 16, § 76.

*Decided October 24, 1958.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*William F. Brack, pro se,* for the appellant.

No brief and no appearance for the appellee.

HAMMOND, J., delivered the opinion of the Court.

This appeal is from a judgment for the defendant for costs in the Superior Court of Baltimore in an appeal by a creditor of a decedent who had excepted unsuccessfully in the Orphans' Court to an administration account that allowed $500.00 for funeral expenses in an estate which had only $500.00 in assets.

Thomas J. Tingley, Jr., a member of the Baltimore Bar, died in June 1955. All of his assets were in the joint names of himself and his wife, Helen C. Tingley. Soon after his death she paid the funeral bill of over $900.00 with her individual funds. Mr. Tingley's will, naming his wife as executrix, was probated in February 1956 and she qualified as executrix. In early January 1957, the estate received $500.00 that was due Mr. Tingley as a legal fee. This was the only asset of the estate. The executrix prepared a first and final administration account, in which she charged herself with the cash inventory of $500.00 and craved allowance of $500.00 on account of the funeral bill, $17.10 in costs, the bond premium of $10.00, and the widow's allowance of $75.00, and accounted for the entire estate by advancing and waiving payment of $102.10. The account was approved by the Orphans' Court on January 23, 1957. At the times the account was prepared and approved, the executrix was aware that the appellant, William F. Brack, was claiming that the estate owed him $250.00, the sum he had paid Mr. Tingley as a retainer, on the ground that no services had been rendered for the retainer. On February 14, 1957, Mr. Brack recovered judgment for $250.00 in the People's Court of Baltimore City

against Mrs. Tingley as executrix (a happy Valentine he characterized it), and filed a certified copy in the Orphans' Court. On March 28, Mr. Brack, as a judgment creditor, excepted to the administration account that had been approved in January for the reasons (a) that the executrix did not charge the estate with the proceeds of insurance policies and bank accounts received by Mrs. Tingley; and (b) that the executrix paid $500.00 of the funeral bill "without authority and without filing a required petition asking Court to allow it", and that the use of all the assets to pay the funeral bill defrauded the exceptant of his $250.00 judgment claim.

The frustrated feeling of the appellant that it was unfair and improper for Mrs. Tingley to receive all of her husband's assets outside the estate and then to make the estate insolvent by using all of its assets to pay funeral expenses, leaving him an unpaid creditor, unable ever to collect, is understandable, but the law affords him no recourse and the judgment appealed from must be affirmed.

The first ground of exception was not seriously pressed below or in this Court. It is the rule rather than the exception for contracts of insurance to call for the proceeds of a policy to be paid to a named beneficiary and not to the estate of the insured. Almost as usual is the putting of assets in the joint names of husband and wife and, if it is not done to defraud creditors, such a tenancy is, of course, lawful and transfers title directly to the survivor rather than through the conduit of the estate of the deceased. There is no suggestion here, much less proof, that any assets of Mr. Tingley were put in joint names to defraud his creditors, anymore than there is that there were any insurance policies or bank accounts payable to the estate.

Appellant's earnest argument that to allow the funeral bill to be paid in preference to his judgment was unlawful and improper must fail. The Legislature has determined that funeral expenses "shall be preferred to all debts and claims against the deceased." Code, 1957, Art. 93, Sec. 7. "Funeral expenses are made a preferred charge because of the indispensable necessity for proper burial" and "the statute

does not require a special order to authorize the payment of a funeral bill when it is not in excess of $500.00. The allowance for it may be craved in the account, subject to the approval of the court." Sykes, *Maryland Practice, Probate Law and Practice,* Secs. 694, 695; see also *Zito v. Tickner,* 210 Md. 25. Code, 1957, Art. 93, Sec. 6, provides that funeral expenses are to be allowed "at the discretion of the court according to the condition and circumstances of the deceased, not to exceed five hundred dollars ($500.00) except by special order of the court, and provided the estate of the decedent be solvent." This language has consistently been construed, we think correctly, to mean that (1) when the estate is solvent, there is no statutory limit on the amount of the funeral expenses, but if the estate is insolvent the allowance cannot exceed $500.00; (2) what is a proper allowance up to $500.00 is for the Orphans' Court to decide in its discretion; (3) that discretion, exercised within the statutory limit, is not reviewable, whether the estate be solvent or insolvent. Sykes, *op. cit.,* Sec. 691; *Watson v. Cook,* 170 Md. 377; *Zito v. Tickner, supra.* In *Watson v. Cook,* this Court decided on the facts that there had been no abuse of discretion and, although the decision could well have been rested on that ground alone, the Court went out of its way to discuss and decide the essentials of the point that is before us in this case, saying: "It, therefore, seems to this court that the reasons adopted by the authorities cited for holding irreviewable orders passed by orphans' courts fixing, within the statutory limit, the amount of commissions to executors and administrators, apply with equal force to the allowance made in the order here being considered, and inasmuch as the sum fixed for funeral expenses does not exceed the statutory limit, we must hold that in passing the order the Orphans' Court of Baltimore City exercised an irreviewable discretion."

It is established that an individual who, like Mrs. Tingley, advances the funeral expenses stands in the preferred shoes of the undertaker. Sykes, *op. cit.,* Sec. 697; *Lentz v. Pilert,* 60 Md. 296; *Anderson v. Carter,* 175 Md. 540; *Tsaracklis v. Characklis,* 176 Md. 28; *Zito v. Tickner, supra.*

Since it is our view that the exercise of the Orphans'

Court's discretion in allowing the statutory maximum of $500.00 for funeral expenses, even in an estate which is made insolvent by such allowance, is not reviewable, there was no error in the action of the Superior Court in directing an affirmance of the action of the Orphans' Court in overruling Mr. Brack's exceptions to the administration account.

*Judgment affirmed, with costs.*